IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO TRANSPORTATION UNION and
PAUL LIVINGSTON,**

        **Plaintiffs,**

**vs.**                                                                        **No. 1:14-cv-00280 RB/LAM**

**CITY OF ALBUQUERQUE, ROBERT J. PERRY,
RICHARD BERRY, DAVID TOUREK,
AMY BAILEY, and CITY PERSONNEL BOARD,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 7). Defendants oppose the motion. Having considered the submissions of counsel and relevant law, the Court denies this motion.

**I.    Background**

On March 16, 2014, the New Mexico Transportation Union[1] and Paul Livingston[2] filed a Complaint for Violation of Rights to Open Government and Access to Public Records against the City of Albuquerque, Robert J. Perry, Richard Berry, David Tourek, Amy Bailey, and the City of Albuquerque Personnel Board in the Second Judicial District Court of the State of New Mexico (Doc. 1-1). In the Complaint, Plaintiffs "ask the Court to enforce the [Albuquerque City] Council's vision of an open government with a website that serves as a free and accessible portal for virtually everything needed to know about the operations of the government and the conduct

---

[1] Defendants have filed a Motion to Dismiss contending that the New Mexico Transportation Union is an unincorporated association without capacity to bring a claim under 42 U.S.C. § 1983. (Doc. 24.) Mr. Livingston is counsel of record for New Mexico Transportation Union.

[2] On August 20, 2014, the New Mexico Supreme Court permanently disbarred Paul Livingston from the practice of law. (Doc. 17.) On October 27, 2014, Mr. Livingston was disbarred by this Court. *See In re Livingston,* 1:14-mc-0037 RB/JH/JP.

of City officials." (*Id*.) According to Plaintiffs, Defendants failed to comply with requirements for open government and access to public records. (*Id*.) Plaintiffs allege violation due process, state law, and city policies. (*Id*.) Plaintiffs bring their claim for denial of due process under 42 U.S.C. § 1983. (*Id*.) Plaintiffs seek statutory damages, compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs. (*Id*.)

On March 24, 2014, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446(a) and (b). (Doc. 1). Defendants assert that the Court has jurisdiction 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). (*Id.*) Defendants are represented by Attorney Robert W. Becker of the law firm of Yenson, Allen & Wosick, P.C. and Samantha M. Hults of the City of Albuquerque Legal Department. (*Id*.) The Notice of Removal states, in pertinent part: "All Defendants, by and through their undersigned counsel, consent to the removal of this action." (*Id.*) Mr. Becker signed the Notice of Removal on behalf of all Defendants. (*Id.*)

Plaintiffs move to remand on the ground that the Notice of Removal is procedurally defective because "Defendants have violated the 'unanimity rule,' the requirement of consent by all parties to the removal." (Doc. 7.) Defendants oppose the motion and request an award of attorneys' fees and costs. (Doc. 9.) Plaintiffs filed a reply arguing that the case should be remanded because "the defendants neither actually consented to the removal of this case nor consented to removal in writing[.]"(Doc. 10.) Plaintiffs did not address Defendants' request for fees and costs. (*Id*.)

**II.     Standard**

The Supreme Court recently stated that "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal containing a short and plain

statement of the grounds for removal." *Dart v. Cherokee Basin Operating Co. v. Owens*, ____ S.Ct. ____, 2014 WL 7010692 * 5 (Dec. 15, 2014) (citing 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* (citation omitted). "The legislative history of § 1446(a) is corroborative. Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (citing H.R.Rep. No. 100-889, p. 71 (1988)). Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When plaintiffs seek remand to the state court, the removing defendants bear the burden to demonstrate that removal was proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (citations omitted).

### III. Discussion

#### A. Jurisdiction

The general removal statute provides "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases "arising under" the Constitution and laws of the United States. 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded' complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111

(10th Cir. 1994). As the Complaint includes a claim under 42 U.S.C. § 1983, this Court has federal question jurisdiction over the action. *See* 28 U.S.C. § 1331.

### B. Plaintiffs' Motion to Remand

Plaintiffs contend the Notice of Removal was defective because all Defendants did not consent to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period," and "formal consent to removal by all defendants is required." *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D. N.M. 2008) (Johnson, J.). "Often called the 'unanimity rule,' a failure of all 'served' defendants to consent in writing to removal constitutes a procedural defect requiring remand." *Doe v. Sunflower Markets, Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011) (Brack, J.) (citing *Moreno v. Taos Cnty. Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2011) (Johnson, J.); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1276 (D.N.M. 2010) (Black, J.); *Tresco, Inc. v. Continental Cas. Co.*, 727 F. Supp. 2d 1243, 1249 (D.N.M. 2010) (Browning, J.); *Vasquez*, 536 F. Supp. 2d at 1257). Judge Black cogently observed:

> The need for timely consent is easy to understand: A valid removal requires the consent of all served defendants. If a served defendant withholds consent, the removal is procedurally deficient and the parties have thirty days to seek remand. If the parties do not seek remand within thirty days, the procedural deficiency is waived. Thus, in order to make informed, timely decisions about remand, parties must be able to tell whether all of the served defendants consented during the thirty-day removal period.

*Dunn-Edwards Corp.*, 728 F. Supp. 2d at 1275 (citations omitted).

"While the Tenth Circuit has not specified the form in which a defendant must indicate its consent to removal, most courts require written notice from each defendant 'independently and unambiguously' supporting removal." *Anderson v. City of Albuquerque, et al.*, Case No. 13-cv-01102 JP/CEG (D.N.M. Jan. 23, 2014) (Parker, J.). Indeed, it is well-established that "courts at all levels of the federal judiciary require written consent by all of the defendants, either in the notice of removal or in other papers filed with the district court." *See* 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3730 (4th ed. 2009). Plaintiffs contend that Mr. Becker removed this case without securing the "actual consent" of all Defendants. (Doc. 7.)

Plaintiffs cite no authority that supports the notion that an attorney cannot file a notice of removal on behalf of his clients. The cases cited by Plaintiffs involved multiple defendants who were were not represented by the same attorney. Where multiple defendants are represented by different attorneys, it is true that the prevailing view holds it is "insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal." *Vasquez*, 536 F. Supp. 2d at 1257; *but see Tresco*, 727 F. Supp. 2d at 1250 (following the minority view and permitting a defendant filing a notice of removal to certify that the remaining defendants consented to removal). However, where multiple parties are represented by the same counsel and an attorney who represents all parties signs the notice of removal, the multiple defendants are properly joined in the notice of removal. *Vasquez,* 536 F. Supp. 2d at 1257 n.2 ("Defendant Americano's counsel also represents Defendant Hernandez in this matter. Thus, Defendant Hernandez is considered properly joined."). "Written notice, signed by a defendant or its attorney, affirms the defendant's intent to be bound by federal jurisdiction." *Anderson*, slip op. at 3.

5

Plaintiffs suggest that "*none of the defendants* was either informed or actually consented to the removal." (Doc. 7 at 5 (emphasis supplied).) Plaintiffs identify no basis for this suggestion. Mr. Becker is counsel of record for all Defendants. (Doc.1.) The Notice of Removal explicitly states: "All Defendants, by and through their undersigned counsel, consent to the removal of this action." (*Id.*) Mr. Becker signed the Notice of Removal on behalf of all Defendants. (*Id.*) In that Mr. Becker represents all Defendants and signed the Notice of Removal on behalf of all Defendants, each Defendant independently and unambiguously joined in the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A). Accordingly, the Court rejects Plaintiffs' contention that a violation of the "unanimity rule" provides a basis for remand.

### C. Defendants' Request for an Award of Attorneys' Fees and Costs

Defendants request an award of attorneys' fees and costs incurred in responding to the motion to remand pursuant to the Court's inherent power. Courts have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "A primary aspect of a court's discretion under its inherent powers is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-46. Because the origin of the bad-faith exception is the federal judiciary's necessary and inherent power to police proceedings before it, a court may assess attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46; *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 765-766 (10th Cir. 1997) (stating an award of fees and costs against a party for proceeding in bad-faith during the litigation are punitive, "designed to punish the abuse of judicial process").

A party acts in bad faith only when the actions taken during the litigation are "entirely without color and [have] been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Sterling Energy, Ltd. v. Friendly Nat. Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984). The Tenth Circuit has set a "high bar" for such awards and at a minimum the trial court must make a finding of "bad intent or improper motive." *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.,* 470 F.3d 947, 953-54 (10th Cir. 2006). The Court finds that Plaintiffs' conduct herein approaches the standard for bad faith in light of the specious arguments advanced in support of the Motion for Remand. However, the Court declines to award attorneys' fees and costs in this instance. Plaintiffs are admonished that the Court will award sanctions for similar conduct if they persist in advancing unfounded arguments.

IV.   **Conclusion**

The Court has federal question jurisdiction in this matter. The Notice of Removal is not procedurally defective. The Court declines to award attorneys' fees and costs to Defendants.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand. (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees and costs is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**