IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO TRANSPORTATION UNION and
PAUL LIVINGSTON,

    **Plaintiffs,**

vs.             **No. 1:14-cv-00280 RB/KK**

CITY OF ALBUQUERQUE, ROBERT J. PERRY,
RICHARD BERRY, DAVID TOUREK,
AMY BAILEY, and CITY PERSONNEL BOARD,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Claims of New Mexico Transportation Union. (Doc. 24). Plaintiffs did not file a response in opposition. Having considered the submissions of counsel and relevant law, the Court grants this motion.

## I. Background

On March 16, 2014, the New Mexico Transportation Union and Paul Livingston filed a Complaint for Violation of Rights to Open Government and Access to Public Records against the City of Albuquerque, Robert J. Perry, Richard Berry, David Tourek, Amy Bailey, and the City of Albuquerque Personnel Board in the Second Judicial District Court of the State of New Mexico (Doc. 1-1). In the Complaint, Plaintiffs "ask the Court to enforce the [Albuquerque City] Council's vision of an open government with a website that serves as a free and accessible portal for virtually everything needed to know about the operations of the government and the conduct of City officials." (*Id.*) According to Plaintiffs, Defendants failed to comply with requirements

for open government and access to public records. (*Id.*) Plaintiffs allege violation of due process, state law, and city policies. (*Id.*) Plaintiffs bring their claim for denial of due process under 42 U.S.C. § 1983. (*Id.*) Plaintiffs seek statutory damages, compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs. (*Id.*) On March 24, 2014, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446(a) and (b). (Doc. 1).

On December 2, 2014, Defendants filed a Motion to Dismiss contending that the New Mexico Transportation Union is an unincorporated association without capacity to bring a claim under 42 U.S.C. § 1983. (Doc. 24.) Plaintiffs did not file a response in opposition to the Motion to Dismiss.

## II.    Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

### III.    Facts

According to the Complaint, the New Mexico Transportation Union "is a City employee union that with its predecessor, UTU, has represented Transit Department employees since at least 1968." (Doc. 1-1.) Mr. Livingston is the only counsel of record for New Mexico Transportation Union. (Doc. 1-1.) On August 20, 2014, the New Mexico Supreme Court permanently disbarred Paul Livingston from the practice of law. (Doc. 17.) On October 27, 2014, Mr. Livingston was disbarred by this Court. *See In re Livingston*, 1:14-mc-0037 RB/JH/JP.

On November 12, 2014, Mr. Livingston stated to United States Magistrate Judge Kirtan Khalsa that he could not provide the Court with the name of any representative of Plaintiff New Mexico Transportation Union and advised the Court he was not hired nor asked by any member of the New Mexico Transportation Union to bring the suit on its behalf. (Doc. 21.) Mr. Livingston advised Judge Khalsa that he alone made the choice to bring the lawsuit on behalf of the New Mexico Transportation Union. (*Id.*) Mr. Livingston was unaware of any new counsel who intended to enter an appearance on its behalf or of any member intending to pursue the claim on behalf of the New Mexico Transportation Union. (*Id.*)

Mr. Livingston stated that Attorney John Adrian Terry represented the New Mexico Transportation Union in its efforts to become the recognized collective bargaining unit for the City of Albuquerque bus drivers. (Doc. 24.) Attorney Robert W. Becker, who is counsel of record for the City of Albuquerque, contacted Mr. Terry regarding the New Mexico Transportation Union and its claims in this lawsuit. (Doc. 24-1.) Mr. Terry indicated that he has

no intention of entering an appearance on behalf of the New Mexico Transportation Union in this matter. (*Id.*) Mr. Terry described the New Mexico Transportation Union as an unincorporated association with no present governing body. (*Id.*)

## IV.     Discussion

Defendants contend that as an unincorporated association, the New Mexico Transportation Union lacks the capacity to sue under 42 U.S.C. § 1983. Section 1983 affords rights to "any citizen of the United States or other person within the jurisdiction thereof . . ." 42 U.S.C. § 1983. The Tenth Circuit has held that unincorporated associations are not "persons" as set forth in § 1983. *Lippoldt v. Cole*, 468 F.3d 1204, 1213 (10th Cir. 2006). In *Lippoldt*, after extensive analysis of the Dictionary Act of 1871, the common understanding regarding unincorporated associations in 1871, and the legislative history of Section 1 of the Civil Rights Act of 1871, the Tenth Circuit found no congressional intent to include unincorporated associations within the ambit of the term "person" in 42 U.S.C. § 1983. *Id.* at 1214. Accordingly, the Tenth Circuit reversed and remanded with direction to dismiss the claims of the plaintiff, an unincorporated association, noting that the result was in keeping with common law. *Lippoldt*, 468 F.3d at 1214.

This common law rule has been well-established for many years. *See United Mine Workers of Am. v. Coronado Coal Co.*, 259 U.S. 344, 385 (1922) ("Undoubtedly at common law an unincorporated association of persons . . . could only sue or be sued in the names of its members, and their liability had to be enforced against each member."); *see also Moffat Tunnel League v. United States*, 289 U.S. 113, 118 (1933) ("These [unincorporated association plaintiffs] are not corporations, quasi corporations, or organized pursuant to, or recognized by, any law. Neither is a person in law, and, unless authorized by statute, they have no capacity to

sue."). As the New Mexico Transportation Union is an unincorporated association, it lacks standing to sue.

Moreover, the New Mexico Transportation Union is not represented by licensed counsel. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001). The Local Rules provide that "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7. Local Rule 83.8(c) provides:

> A motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity other than a natural person can appear only with an attorney. Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8(c).

Mr. Livingston is the only counsel of record for New Mexico Transportation Union. (Doc. 1-1.) As a result of his disbarment, Mr. Livingston cannot represent the New Mexico Transportation Union. Because no licensed attorney has entered an appearance on behalf of the New Mexico Transportation Union, its claim will be dismissed.

## V.     Conclusion

The New Mexico Transportation Union lacks standing to sue and it is not represented by a licensed attorney. For these reasons, the claims of New Mexico Transportation Union are subject to dismissal.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Claims of New Mexico Transportation Union, (Doc. 24), is **GRANTED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**