IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO TRANSPORTATION UNION,
and PAUL LIVINGSTON,

      Plaintiffs,

v.                                                                 No. CIV 14-280 RB/KK

CITY OF ALBUQUERQUE, ROBERT J. PERRY,
RICHARD BERRY, DAVID TOUREK,
AMY BAILEY, and CITY PERSONNEL BOARD,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs New Mexico Transportation Union and Paul Livingston sued Defendant City of Albuquerque and others for violating open government laws. Defendants filed for partial summary judgment. (Doc. 31.) Plaintiffs did not respond to the motion. Having reviewed the parties' submissions and the relevant law, the Court **GRANTS** the motion.

**I.**       **BACKGROUND**

On August 7, 2013, Plaintiff Livingston requested digital copies of minutes, activity logs, decisions, and orders from Albuquerque's Labor-Management Board and Personnel Board. (Compl. Ex. 1.) The same day, Defendant City Clerk Amy Bailey responded that Plaintiff Livingston would receive available records within three business days, or fifteen business days if the Clerk's Office needed additional time. (Compl. Ex. 2.) After three business days, Defendant Bailey electronically sent Plaintiff the logs of the two Boards' activities. (Compl. Ex. 3 at 2.) Defendant Bailey informed Plaintiff that the other documents he requested, including the minutes, decisions, and orders, were not maintained in an electronic format, but were archived in

hard-copy format. (*Id.*) Defendant Bailey further advised Plaintiff that he could view any of the hard-copy documents during regular business hours at the Office of Administration; and could copy the documents at a fee of fifty cents per page. (*Id.*)

In response, Plaintiff objected to the hard-copy format, averred that the City was required to maintain the documents in electronic format, and demanded the requested documents in an electronic format by 5 p.m. the same day. (*Id.* at 1.) Defendant Bailey replied that Plaintiff had "been repeatedly informed" that the Clerk's Office "does not maintain its case files, including the signed minutes, orders and decisions in electronic format." (*Id.*) As a concession, Defendant Bailey said that Plaintiff could bring his own imaging device to the office to duplicate any records without incurring a fee. (*Id.*)

On September 11, 2013, Plaintiff Livingston made a second request for records, asking for the Personnel Board's revisions to proposed rules and regulations. (Compl. ¶ 22.) The Hearing Monitor Jessica Enriquez forwarded minutes, agendas, and three red-lined amended rules. (Compl. Ex. 5.) On September 26, 2013, Plaintiff made a third request for files from the Labor-Management and Personnel Boards, including audio recordings of proceedings, transcripts, complaints, briefs, opinions, and more. (Compl. Ex. 6 at 5; Compl. ¶ 24.) Plaintiff complains that he never received a satisfactory response to either request. (Compl. ¶ 25.)

Albuquerque has several ordinances requiring public boards and commissions to electronically file certain documents. For instance, "[m]inutes shall be kept of each meeting and filed electronically with the City Clerk by each public board, committee, and commission . . . . The City Clerk shall post all minutes received on the City Clerk's web site." Albuquerque Ordinance § 2-6-1-4(B)(3). Also, all public boards' rules and regulations must be filed electronically. Albuquerque Ordinance §§ 2-6-1-4(C)(2)(d), (e). Although not every board is

subject to these requirements, Defendants admit that the Ordinances apply to both the Labor-Management Board and the Personnel Board. (Waldman Decl. ¶ 4 & Schedule A at 1-2.)

On March 16, 2014, Plaintiffs New Mexico Transportation Union and Livingston filed a Complaint asking "the Court to enforce the [Albuquerque City] Council's vision of an open government with a website that serves as a free and accessible portal for virtually everything needed to know about the operations of the government and the conduct of City officials." (Compl.) Because Defendants failed to comply with Plaintiff Livingston's requests, Plaintiffs allege that Defendants violated the requirements of due process, state law, and city policy. (*Id*.)

Defendants timely removed the matter to this Court. (Notice of Removal, Doc. 1.) Based on Defendants' motion, the Court dismissed Plaintiff New Mexico Transportation Union's claims because (1) as an unincorporated association, it had no standing to sue, and (2) if the New Mexico Transportation Union could bring suit, it needed to be represented by a licensed attorney. (Doc. 30.) Now Defendants move for partial summary judgment on five claims brought by Plaintiff Livingston. Defendants do not seek summary judgment on Count II, the only federal claim and the basis for this Court's jurisdiction. (Doc. 1 ¶¶ 6-7.) New Mexico law governs all the claims at issue in this motion. Although Plaintiff's response was due almost four months ago, Plaintiff has not responded to the motion for summary judgment.

## II.  LEGAL STANDARD

A party is expected to respond to a motion for summary judgment by showing, with factual citations, that the record establishes the presence of a genuine dispute of fact. Fed. R. Civ. P. 56(c)(1). Under the Court's local rules, a non-moving party has fourteen days to respond to a motion for summary judgment. D.N.M. LR-Civ 7.4(a). "If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may" grant

summary judgment against the party. Fed. R. Civ. P. 56(e)(3). However, a court may not grant a motion for summary judgment simply because the non-moving party failed to respond. *See Reed v. Bennett*, 312 F.3d 1190, 1193 (10th Cir. 2002). The non-moving party "*always* bears the initial responsibility" of showing that summary judgment is appropriate. *Id.* at 1194.

Summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id.* If there is a genuine dispute of material fact, then the "facts must be viewed in the light most favorable to the nonmoving party . . . ." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

### III.   DISCUSSION

Plaintiff's Complaint is sweeping. Although the facts of the Complaint as alleged pertain mostly to the failures of the Labor-Management and Personnel Boards, Plaintiff appears to challenge the failures of all fifty-three Albuquerque Boards. He seeks to hold the City, the City Clerk, the Mayor, the Chief Administrative Officer, the Chief Records Custodian, the City Attorney, and the entire City Personnel Board liable. Plaintiff presents three theories for holding Defendants liable.

#### A.  Liability based on Albuquerque Ordinance

Primarily, Plaintiff seeks to hold Defendants liable under City Ordinance. At least three Counts in the Complaint relate to the City's violations of ordinances: Counts 1, 4, and 6. In the first Count, Plaintiff challenges the City's boards and their failure to post meeting minutes on the City Clerk's website, in contravention of City Ordinance. (Compl. ¶ 28.) In the fourth Count,

Plaintiff emphasizes that rules and regulations are supposed to be posted on the City Clerk's website according to City Ordinance, but alleges that the boards' rules are not uniformly posted. (*Id.* ¶¶ 46-47.)  In the sixth Count, Plaintiff specifically challenges the City Personnel Board's failure to abide by the requirements set out in the City Ordinance.  (*Id.* ¶¶ 54-55.)

Albuquerque City Ordinances require the City's boards to post meeting minutes, rules, and regulations to the City's website, Albuquerque Ordinance §§ 2-6-1-4(B)(3), (C)(2)(d)-(e), yet Plaintiff avers that many boards, including the City Personnel Board, have failed to post the required documents.  Defendants concede that the City's boards have violated City Ordinances,[1] but demurs that these ordinances do not contain a private right of action.  (Doc. 31 at 2, 9-11.) Because the Ordinances do not contain an express private cause of action, the Court considers whether the Albuquerque City Council intended to create a private cause of action.

Under New Mexico law, courts may recognize a cause of action not expressed in a statute when the state's public policy compels the determination.  *Nat'l Tr. for Historic Pres. v. City of Albuquerque*, 874 P.2d 798, 801 (N.M. Ct. App. 1994).  The three non-exclusive factors New Mexico courts consider are:

> (1) Was the statute enacted for the special benefit of a class of which the plaintiff is a member?;
>
> (2) Is there any indication of legislative intent, explicit or implicit, to create or deny a private remedy?; and
>
> (3) Would a private remedy either frustrate or assist the underlying purpose of the legislative scheme?

*Yedidag v. Roswell Clinic Corp.*, 314 P.3d 243, 249 (N.M. Ct. App. 2013), *aff'd*, 346 P.3d 1136 (N.M. 2015).  Notwithstanding these factors, "public policy . . . may be determinative in

---

[1] Defendants clarify that only fifteen City boards, including the Personnel Board, are subject to these Ordinances' requirements.  (Waldman Decl. ¶ 4 & Schedule A at 1-2.)

deciding whether to recognize a cause of action." *Id.* (quoting *Nat'l Tr.*, 874 P.2d at 802). Notably, New Mexico has only recognized implied causes of action in state-enacted statutes, not city ordinances. *See Saylor v. Valles*, 63 P.3d 1152, 1157 (N.M. Ct. App. 2003) (commenting that prior cases recognizing private causes of action were based on state law). The Court will review the Ordinance as though it were a statute. *See id.* (applying *National Trust* factors to review an ordinance).

The first factor, whether the statute was enacted for a special class, does not favor Plaintiff. This factor asks the Court to identify the "class of individuals that the Legislature clearly intended to protect by enacting" the statute. *Yedidag*, 314 P.3d at 250. The Ordinance at issue is known as the "Public Boards, Commissions and Committees Ordinance." Albuquerque Ordinance § 2-6-1-1. The Ordinance lays out rules for the membership and organization of the City's public boards. It does not appear to have been written to protect any particular class of individuals. Rather, this Ordinance was written for the benefit of all Albuquerque citizens. Plaintiff, however, is still not a member of the very broad class. Plaintiff lives in Placitas, New Mexico. (Compl. Exs. 1, 5; Acknowledgment of Service, Doc. 1-2.)

The second factor—whether the City Council intended, expressly or impliedly, to create or deny a private remedy—also weighs against Plaintiff's argument. The Ordinance does not provide any remedy for the failure to post documents electronically: there is no mention of liability, sanctions, or enforcement. As Plaintiff notes, the City Council can vote to remove a board member who violated any law or intentionally failed to carry out board duties. Albuquerque Ordinance § 2-6-1-3(C)(2). However, there is no mention of a private remedy or of private rights. When a law has an "aggregate focus" as opposed to a focus on individual rights, courts are disinclined to imply a private cause of action. *See Gonzaga Univ. v. Doe*, 536 U.S.

273, 282 (2002) (explaining that a plaintiff's claim is not actionable when the allegedly violated law "focused on 'the aggregate services provided by the State,' rather than 'the needs of any particular person'"); *Starko, Inc. v. Presbyterian Health Plan, Inc.*, 76 P.3d 252, 266 (N.M. Ct. App. 2012), *rev'd on other grounds sub nom. Starko, Inc. v. New Mexico Human Servs. Dep't*, 333 P.3d 947 (N.M. 2014) (quoting *Gonzaga University* when determining if a statute created a private right of action). Here, the Ordinance decidedly focuses on the City's services and functions, rather than the rights of individuals. This suggests that the City did not intend to create a private right of action when enacting the Ordinance. *See Starko, Inc.*, 76 P.3d at 266.

The final factor asks whether a private remedy would frustrate or assist the underlying purpose of the legislative scheme. Although this particular Ordinance does not contain a "purpose" section, Plaintiff contends that the Ordinance was part of the effort to increase public access to government, similar to the State's open government laws. (Compl. ¶¶ 27, 30, 33.) New Mexico's open government laws were intended to permit scrutiny of governmental bodies by allowing public access to meetings and documents. *See Cox v. N.M. Dept. of Public Safety*, 242 P.3d 501 (N.M. Ct. App. 2010) ("New Mexico's policy of open government is intended to protect the public from having to rely solely on the representations of public officials that they have acted appropriately."); *see also Vill. of Angel Fire v. Wheeler*, 63 P.3d 524, 533 (N.M. Ct. App. 2003) (explaining the policy purpose of Open Meeting Act). Both New Mexico's Inspection of Public Records Act and Open Meetings Act expressly permit private causes of action. N.M. Stat. Ann. §§ 10-15-3, 14-2-12. However, both state statutes were carefully structured to require statutory procedures before complainants have actionable claims. N.M. Stat. Ann. §§ 10-15-3(B), 14-2-11. The City did not design any such procedure for violations of the Public Boards, Commissions and Committees Ordinance. Ultimately, while a private cause

of action could ensure enforcement of this Ordinance, the Court declines to force such a mechanism upon the City of Albuquerque.

When a city enacts local ordinances, it is acting in its sovereign capacity. *See Morningstar Water Users Ass'n, Inc. v. Farmington Mun. Sch. Dist. No. 5*, 901 P.2d 725, 729 (N.M. 1995) ("Thus in the governmental role, the municipality is said to be functioning as an agent of the state and acting in a sovereign capacity." (internal citations omitted)). As a sovereign, Albuquerque benefits from the protection of sovereign immunity. *See Aragon & McCoy v. Albuquerque Nat. Bank*, 659 P.2d 306, 309 (N.M. 1983) (discussing Albuquerque's sovereign immunity from suit); *Cole v. City of Las Cruces*, 657 P.2d 629, 632 (N.M. 1983) (holding that a city is a "governmental entity" within the meaning of New Mexico's Tort Claims Act). Under New Mexico public policy, "governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act." N.M. Stat. Ann. § 41-4-2(A). The City of Albuquerque expressly incorporated the New Mexico Tort Claims Act into its City Ordinances. Albuquerque Ordinance §§ 2-8-2-1 *et seq*.

"[A] municipality will neither be held liable for failure to carry out a statutory function, nor a governmental function." *Trujillo v. City of Albuquerque*, 603 P.2d 303, 305 (N.M. Ct. App. 1979). In fact, municipalities and public employees are immune from liability for any tort unless the New Mexico Tort Claims Act waives immunity. N.M. Stat. Ann. § 41-4-2. Any waiver of sovereign immunity must be "clear and unambiguous." *Cockrell v. Bd. of Regents of New Mexico State Univ.*, 45 P.3d 876, 886 (N.M. 2002). Where the government has not waived its sovereign immunity, the government cannot be sued. *Valdez v. State*, 54 P.3d 71, 76 (N.M. 2002). Importantly, according to principles of separation of powers, only the legislature has the

authority to waive this statutory immunity; the courts should "refrain from unduly encroaching on [this] core function of the legislative branch of government . . . ." *Cockrell*, 45 P.3d at 883.

The Court declines to read a private cause of action into Albuquerque's City Ordinances. *Accord Saylor*, 63 P.3d at 1156-57 (declining to imply a private cause of action in Albuquerque's Neighborhood Association Ordinance). Given that the three *National Trust* factors do not support creating a private cause of action, that New Mexico's public policy incorporates sovereign immunity, and that the principles of separation of powers demand restraint, the Court will not imply such a right in this context. Because Plaintiff has no cause of action to support his claims in Counts 1, 4, and 6, those claims are dismissed.

### B.  Liability under the Open Meetings Act

In Count 3, Plaintiff alleges that "Defendants' failures to comply with the public notice and public access requirement should be given the same effect as any failure to comply with the State Open Meetings Act . . . ." (Compl. ¶ 42.) This cause of action is ambiguous. Defendants consider Plaintiff to bring this cause of action under Albuquerque Ordinance, similar to causes of action 1, 4, and 6. (Doc. 31 at 11.) If that is true, then the Count is dismissed along with Counts 1, 4, and 6, because the Court declines to graft a private cause of action onto the Albuquerque Ordinance. In case Plaintiff intended to bring suit under the Open Meetings Act, the Court addresses the claim here.

New Mexico's Open Meetings Act commands that "[a]ll meetings of any public body, except the legislature, shall be public meetings and all persons so desiring shall be permitted to attend and listen to the deliberations and proceedings." N.M. Stat. Ann. § 10-15-1(A). This directive applies to municipalities' policymaking boards. N.M. Stat. Ann. § 10-15-1(B). As the Supreme Court of New Mexico interprets it, this statute only demands "reasonable public

access." *Gutierrez v. City of Albuquerque*, 631 P.2d 304, 307 (N.M. 1981).  Accordingly, the Supreme Court requires substantial compliance—not strict compliance—with the statute's intent. *See id.* ("Substantial compliance has occurred when the statute has been sufficiently followed so as to carry out the intent for which it was adopted and serve the purpose of the statute.").  For example, in *Parkview Community Ditch Association v. Peper*, the Community Association technically violated the Open Meetings Act by failing to record each member's vote in the meeting minutes.  323 P.3d 939, 942-43 (N.M. Ct. App. 2014).  The New Mexico Court of Appeals recognized the failure, but found no actionable violation of the Act because the Community Association substantially complied with the Act's requirements: the Community Association held a public meeting and took minutes, although the minutes were incomplete.  *Id.*

Similarly, here, Plaintiff has failed to show that Defendants violated the Open Meetings Act.  Plaintiff has not alleged, let alone factually shown, that Defendants held a single meeting that the public was barred from attending.  Plaintiff does not allege that Defendants held closed meetings or failed to take meeting minutes.  Rather, he complains that Defendants failed to post these meetings minutes on the City Clerk's website.  (Compl. ¶¶ 42-43.)  This is not a requirement of the Open Meetings Act.  The Court finds that Plaintiff does not have a cause of action under New Mexico's Open Meetings Act**.**

### C.  Liability under the Inspection of Public Records Act

Plaintiff premises his fifth cause of action on New Mexico's Inspection of Public Records Act, which creates a "right to inspect public records."  N.M. Stat. Ann. § 14-2-1(A).  Citizens may only "enforce the Act *if* the public body does not comply."  *Derringer v. State*, 68 P.3d 961, 964 (N.M. Ct. App. 2003).  Importantly, "[t]he public's right to inspect . . . is not without limitation."  *Cox v. New Mexico Dep't of Pub. Safety*, 242 P.3d 501, 504 (N.M. Ct. App. 2010).

10

The Court finds no violation of the Inspection of Public Records Act based on Plaintiff's August 7, 2013 request.  Plaintiff Livingston requested digital copies of minutes, activity logs, decisions, and orders from Albuquerque's Labor-Management Board and Personnel Board. (Compl. Ex. 1.)  After three business days, Defendant Bailey sent Plaintiff the logs of the two Boards' activities, but informed Plaintiff that the other documents he requested were only available in hard-copy format.  (*Id.*)  Defendant Bailey further advised Plaintiff that he could view and copy any of the hard-copy documents during regular business hours at the Office of Administration. (*Id.*)  When Plaintiff complained about this arrangement, Defendant Bailey told Plaintiff that he could bring his own imaging device to the office to duplicate any records without incurring a fee.  (*Id.* at 1.)

A records custodian only has to provide documents electroncially if the document is already available in that format.  N.M. Stat. Ann. § 14-2-9(B) ("A custodian shall provide a copy of a public record in electronic format *if* the public record is available in electronic format." (emphasis added)).  If a document is not available electronically, the Act does not require the Clerk to convert the document.  *Id.*  Thus, Defendant Bailey complied with statutory demands when she made the documents available for inspection in hard-copy format.  Furthermore, "[a] custodian . . . may charge reasonable fees for copying the public records."  N.M. Stat. Ann. § 14-2-9(C)(1).  Finally, the Act contemplates "prompt compliance" but permits fifteen-day response times.  *Derringer*, 68 P.3d at 964 (citing N.M. Stat. Ann. § 14-2-8(D)).  Defendant Bailey's response fell within this time frame.  In all respects, Defendants' response to Plaintiff's August 7, 2013 request complied with the demands of the Inspection of Public Records Act.

Defendants also appear to have complied with the Inspection of Public Records Act when responding to Plaintiff's second request.  Allegedly, on September 11, 2013, Plaintiff requested

11

the Personnel Board's revisions to proposed rules and regulations. (Compl. ¶ 22.) Within fourteen days, the Hearing Monitor Jessica Enriquez forwarded minutes, agendas, and three red-lined amended rules. (Compl. Ex. 5.) The Court sees no violation of the Inspection of Public Records Act in this scenario.

Finally, Plaintiff did not show a violation based on his third public records request. In his Complaint, Plaintiff avers that he made a request "for inspection of records" on September 26, 2013. (Compl. ¶ 24.) Plaintiff alleges that he received no response to this request (Compl. ¶ 25), although the attached exhibits to his Complaint show that the City did respond. (Compl. Ex. 6.) Defendants characterize this request as an extension of Plaintiff's August 7, 2013 request, and explain that the only dispute was over the format of the document production: Plaintiff had access to the requested materials in hard copy. (Doc. 31 at 5.)

The Court's review of the summary judgment record does not reveal any Inspection of Public Records Act violation based on the request dated September 26, 2013. In his Complaint, Plaintiff did not describe what documents he requested. Searching the record, the Court finds three requests. First, Plaintiff demanded "audio files (not compact discs) of the proceedings of each and every Labor Board hearing or meeting since July 1, 2009, and each and every Personnel Board hearing, conference, and meeting since January 2, 2011." (Compl. Ex. 6 at 5.) Plaintiff's request reports that Defendants previously "insisted on 'payment in advance' for copies of CDs" and Plaintiff found this objectionable. (*Id.*) However, under the Inspection of Public Records Act, custodians may charge reasonable fees in advance. N.M. Stat. Ann. § 14-2-9(C)(1), (5). Second, Plaintiff requests "any and all transcripts of meetings, conferences, hearings, and other proceedings of the Labor Board and the Personnel Board since December 1, 2009." (Compl. Ex. 6 at 5.) This request mirrors Plaintiff's August 7, 2013 request, where he was invited to view the

records in hard copy format. As discussed above, this production complies with the terms of the Act. Third, Plaintiff requests production of "any complaints, responses, appeals, briefs, opinions, and orders in any case filed in any court concerning any City of Albuquerque employee or employment or labor related issue since December 1, 2009." (Compl. Ex. 6 at 5.) This remarkably broad request also overlaps with Plaintiff's August 7, 2013 request. Defendants state that the requested records were available for inspection in hard copy format. (Compl. Ex. 4); Doc. 31 at 5. Plaintiff offered no evidence otherwise.

Based on the evidence before it, the Court finds no genuine dispute of material fact regarding Plaintiff's records requests. Furthermore, the Court sees no violation of the Inspection of Public Records Act. Defendants are entitled to summary judgment on Count 5.

## IV.  CONCLUSION

Albuquerque's Labor-Management Relations Board and the Personnel Board violated the Public Boards, Commissions and Committees Ordinance by failing to electronically post required documents on the City's website. However, the Ordinance does not provide a private right of action. Although state open government laws do provide private rights of action, Albuquerque did not violate either the Open Meetings Act or the Inspection of Public Records Act. Because Plaintiff has no mechanism for seeking relief on Counts 1, 3, 4, 5, and 6 of his Complaint, Defendants are entitled to summary judgment on these counts.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment as to Counts 1, 3, 4, 5, and 6 (Doc. 31) is **GRANTED**.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE