IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO TRANSPORTATION UNION and**
**PAUL LIVINGSTON,**

        **Plaintiffs,**

vs.                                                                                **No. 1:14-cv-00280 RB/KK**

**CITY OF ALBUQUERQUE, ROBERT J. PERRY,**
**RICHARD BERRY, DAVID TOUREK,**
**AMY BAILEY, and CITY PERSONNEL BOARD,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Count 2 of the Complaint (Doc. 36).  Plaintiff did not file a response in opposition.  Having considered the submissions of counsel and relevant law, the Court grants this motion.

**I.**  **Background**

On March 16, 2014, the New Mexico Transportation Union and Paul Livingston[1] filed a Complaint for Violation of Rights to Open Government and Access to Public Records against the City of Albuquerque, Robert J. Perry, Richard Berry, David Tourek, Amy Bailey, and the City of Albuquerque Personnel Board in the Second Judicial District Court of the State of New Mexico (Doc. 1-1).  The Complaint "ask[s] the Court to enforce the [Albuquerque City] Council's vision of an open government with a website that serves as a free and accessible portal for virtually

---

[1] On August 20, 2014, the New Mexico Supreme Court permanently disbarred Paul Livingston from the practice of law.  (Doc. 17.)  On October 27, 2014, Mr. Livingston was disbarred by this Court.  *See In re Livingston,* 1:14-mc-0037 RB/JH/JP.

everything needed to know about the operations of the government and the conduct of City officials." (*Id.*)  According to the Complaint, Defendants failed to comply with requirements for open government and access to public records.  (*Id.*)  The Complaint alleges violation of due process, state law, and city policies and seeks statutory damages, compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs.  (*Id.*)

On March 24, 2014, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446(a) and (b).  (Doc. 1.)  On February 13, 2015, the Court granted Defendants' motion to dismiss the claims of Plaintiff New Mexico Transportation Union  (Doc. 30.)  The only remaining Plaintiff is Mr. Livingston.  (*Id.*)  On August 17, 2015, the Court granted Defendants' motion for partial summary judgment on the five non-federal claims.  (Doc. 35.)  The only remaining claim is Count 2.  (Doc. 1-1.)

According to Count 2, Defendants' failure to post "minutes of meetings, rules, contracts, orders and such other records" of the City's boards, commissions, and committees on the City's website allegedly as required by City Ordinance violated the right of Plaintiff to procedural and substantive due process of law and he is entitled to damages under 42 U.S.C. § 1983.  (Doc. 1-1.)  On August 19, 2015, Defendants filed a motion to dismiss Count 2.  (Doc. 36.)  Plaintiff did not file a response.

**II.    Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  In order "to withstand dismissal, the plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  When applying this standard the court must "accept as true all well-pleaded factual allegations" and view those allegations "in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

**III.   Discussion**

In Count 2 of the Complaint, Plaintiff alleges that Defendants' failure to post public records on the City's website violated the right of Plaintiff to procedural and substantive due process. (Doc. 1-1.) "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dept. of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000).  It is well-established that there is no constitutional right to public disclosure of government documents.  *See Houchins v. KQED, Inc*., 438 U.S. 1, 15 (1978) (plurality opinion). Therein, the Supreme Court stated that "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Id.*  The Supreme Court "has never intimated a First Amendment guarantee of a right of access to all sources of information within government control." *Id.* at 9.  Rather, the Supreme Court "has repeatedly made clear that there is no

constitutional right to obtain all the information provided by FOIA laws." *McBurney v. Young*, 133 S.Ct. 1709, 1718 (2013). Thus, the alleged failure of Defendant to provide access to public records does not implicate any constitutionally protected right. *See Houchins*, 438 U.S. at 15; *McBurney,* 133 S.Ct. at 1718.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws" of the United States. *See* 42 U.S.C. § 1983. Plaintiff has not sufficiently alleged the facts necessary to support the required elements of a Section 1983 claim. *See Chambers*, 205 F.3d at 1242. Therefore, Count 2 of the Complaint fails to state a claim which relief can be granted.

## IV. Conclusion

Defendants' motion to dismiss Count 2 of the Complaint will be granted. In that Count 2 is the only remaining claim alleged in the Complaint, this matter will be dismissed with prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Count 2 of the Complaint (Doc. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that a final order dismissing this action with prejudice will issue forthwith.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**